ERIC GRANT
United States Attorney
JAMES CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>                    v.<br><br>LUIS HERNANDEZ-GUZMAN,<br><br>                         Defendant. | CASE NO.  2:20-CR-25-WBS<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: September 10, 2026<br>TIME: 9:00 a.m.<br>COURT: Hon. Daniel J. Calabretta |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1.      At a status conference on May 14, 2026, the Court set this matter for a status conference on July 2, 2026, with time excluded under the Speedy Trial Act up to, and including, that date.  ECF No. 147.

2.      By motion, defendant Hernandez-Guzman requested that the status be moved to July 23, 2026, and agreed that time could be properly excluded under 18 U.S.C. § 3161(h)(7)(A), to allow time for counsel preparation. ECF No. 151.

3.      The Court granted that motion, moving the hearing to July 23, 2026.  ECF No. 152.  Due to scheduling conflicts, however, the Court re-set the status hearing for September 10, 2026.  ECF No. 153.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

4.      By this stipulation, defendant Luis Hernandez-Guzman now requests, and the government agrees, that the Court exclude time between July 2, 2026, and September 10, 2026, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

5.      The parties agree and stipulate, and request that the Court find the following:

a)      On April 17, 2026, the undersigned defense counsel, Jesse Ruiz, contacted the government to state that Mr. Ruiz and his law firm would be substituting into the case for Dina Santos.  Mr. Ruiz and his firm have taken over all aspects of representing Mr. Hernandez-Guzman in this case.

b)      The government has represented that the discovery associated with this case includes investigative reports and related documents, including video footage of the arrest.  There is also physical evidence associated with this case, including narcotics seized during the course of the arrest.  The government has also downloaded data from cellular telephones seized incident to arrest in this case.  All of this discovery has been either produced directly to counsel or made available for inspection.

c)      Counsel for Mr. Hernandez-Guzman has joined the case recently and will therefore need time to get up to speed.  To that end, he desires additional time to review this discovery, as well as the current charges, to conduct investigation and research applicable law, to consult with his client and to discuss with him potential resolution of his case, to file pretrial motions, and to otherwise prepare for trial.

d)      Defense counsel believes that the failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e)      The government does not object to the continuance or to the exclusion of time under the Speedy Trial Act, as detailed below.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

et seq., within which trial must commence, the time period of July 2, 2026 to September 10, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

6.       Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  July 2, 2026                                    ERIC GRANT
                                                       United States Attorney

                                                       /s/ JAMES CONOLLY
                                                       JAMES CONOLLY
                                                       Assistant United States Attorney

Dated:  July 2, 2026                                    /s/ JESSE RUIZ
                                                       JESSE RUIZ
                                                       Counsel for Defendant
                                                       LUIS HERNANDEZ-GUZMAN


**ORDER**

IT IS SO FOUND AND ORDERED this 6th day of July, 2026.


                                                       /s/ Daniel J. Calabretta
                                                       THE HONORABLE DANIEL J. CALABRETTA
                                                       UNITED STATES DISTRICT JUDGE